■ ANNA E. SMITH et al., Appellants, v. DONALD J. McCARTHY et al., Respondents. COLUMBIA GAS OF NEW YORK, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, v. DYER-FITTS CONSTRUCTION COMPANY, INC., et al., Third-Party Defendants-Respondents.— Plaintiffs appeal from a judgment and order which dismissed the complaint at the close of the plaintiffs' case. This is an automobile accident case. The accident happened at 12:30 o'clock on the night of November 30, 1956 on Conklin Avenue in the City of Binghamton. The avenue extended east and west and at the time the westerly lane was obstructed by a barrier protecting an excavation in the street. The avenue was 30 feet 6 inches wide and the barrier extended into the westerly lane 12 feet 2 inches, leaving the unobstructed part of the street 18 feet 4 inches. At the time of the accident the barrier was lighted with flares and the surrounding area was well lighted. The roadway was straight and level but icy slightly east of the barrier. The plaintiffs were the owner and operator of an automobile that was in a collision with the automobile of Donald J. McCarthy at or near the barrier. The City of Binghamton, Columbia Gas of New York, Inc., and Binghamton Gas Works were all in some way associated with the excavation and the barrier. The third-party defendants construction companies were contractors for different defendants in the performance of the work at the scene of the accident. The complaint of the plaintiffs having been dismissed, we must examine the facts in a light most favorable to them and determine whether those facts, together with any reasonable inferences that may be drawn therefrom, constituted a prima facie case of negligence. The plaintiff, Anna E. Smith, driver of the car involved in the accident, stated that she was familiar with the general locale and had travelled this street on the same date as the accident and that she knew the barricade obstructed part of the road; that she was traveling at the time above specified in a general westerly direction and she could see the barricade when she was several hundred feet east of it; that as she approached the construction a car coming from the opposite direction caused her to slow down, in fact come to a stop near the barricade; that after the car passed she started to reverse her car and realized the roadway at that spot was slippery; that she backed the car about 25 feet, put the car into first gear and started to move to the north side of Conklin Avenue which was open for traffic and saw no approaching automobile; that she thereafter shifted into second gear and was about past the barricade and starting to turn back to the southerly lane when suddenly there was an "awful fire in my face". She testified that she had been going 20 miles an hour but that at the time she was pulling around the barricade she was going about 15 miles per hour. She testified on cross-examination "I never saw his car then", referring to the automobile of the defendant McCarthy. A police officer testified that he talked with the defend-

ant McCarthy and asked him his version of what happened and "he stated he didn't know what happened". The trial court dismissed the complaint solely upon a finding that the plaintiff, Anna E. Smith, was guilty of contributory negligence as a matter of law and he concluded that the oncoming car "must have been in full view. They collided." We think under the present state of the record that a factual question was presented which entitled the plaintiff to have it submitted and considered by a jury. The record certainly establishes a prima facie case of negligence against the defendant McCarthy. There was a great variance in the testimony as to the speed of the McCarthy automobile but a jury in making any appraisal could have accepted the highest speed testified to which would have established that when the plaintiff moved to what ordinarily would be her wrong side of the road to pass the obstruction, the defendant automobile was not in sight and once the plaintiff of necessity had turned to pass the barrier a jury could find she had a right to proceed. The weight to be given her failure to see the automobile from that point on to the collision would likewise be a jury question. The jury might also consider that there was 18 feet 4 inches of clearance between the barrier and the curb which in many instances is about equal to the width of a road. In weighing the evidence on the motion for dismissal, the plaintiffs were entitled to all of these and the various other factors contained in the record. Under the circumstances the defendant McCarthy should have been put to his proof and the case submitted to a jury on the factual issues. As to the other defendants, there is little evidence to sustain a finding of negligence against them individually or collectively. The ice, as testified to by the plaintiff Anna E. Smith, if it were there, certainly in no way contributed to the happening of the present accident and the fact that there were no warning signs is likewise of little consequence in view of the testimony of the said plaintiff that she saw the obstruction a long ways away and stopped her vehicle. By giving the plaintiffs every benefit to which they are entitled, if any negligence could be spelled out against these defendants such negligence could not be found to be a proximate cause of the accident. Judgment modified on the law and the facts, by reversing as against the defendant, Donald J. McCarthy, and a new trial ordered, and in all other respects affirmed, with costs to appellants against McCarthy.